**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOHN R. McKAY**
Hickam & Lorenz, P.C.
Spencer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CLOVIS SMITH, ) | |
| ) | |
| Appellant-Respondent, ) | |
| ) | |
| vs. ) | No. 07A01-1111-PO-518 |
| ) | |
| ALEXANDRA RYAN, ) | |
| ) | |
| Appellee-Petitioner. ) | |

APPEAL FROM THE BROWN CIRCUIT COURT
The Honorable Douglas E. Van Winkle, Magistrate
Cause No. 07C01-1109-PO-441

**May 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Clovis Smith ("Smith") appeals from the trial court's issuance of an order for protection. Smith presents the following issue for our review: whether the trial court erred by finding and concluding that Smith was Brady disqualified.[1]

We affirm.

## FACTS AND PROCEDURAL HISTORY

Smith and Alexandra Ryan ("Ryan") lived together in Owen County and are the parents of one child. On September 16, 2011, Smith and Ryan engaged in a verbal altercation during the course of which Smith waved a firearm and blocked Ryan's exit from the house. The parties summoned Smith's father, who lived next door. Smith's father spoke with both Smith and Ryan and arranged for Ryan to leave the house with the parties' minor child.

On September 20, 2011 Ryan filed a petition for order of protection against Smith. A hearing was held at the conclusion of which the trial court granted the order of protection and determined that Smith was Brady disqualified. Smith now appeals.

## DISCUSSION AND DECISION

We note at the outset that Ryan has not filed an appellee's brief. When the appellee fails to file a brief, we need not undertake the burden of developing an argument on the appellee's behalf. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). We will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error.

---

[1] "Brady disqualified" means that a person is disqualified under criteria set forth in the Brady Handgun Violence Prevention Act from purchasing a firearm. 18 U.S.C. § 921.

2

*Id.* "Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it." *Id.* (citation and quotation marks omitted). Where an appellant does not meet this burden, we will affirm. *Id.*

We have stated the following about proceeding under the Indiana Civil Protection Order Act ("CPOA"):

> The Indiana Legislature has indicated that the CPOA "shall be construed to promote the: (1) protection and safety of all victims of domestic or family violence in a fair, prompt, and effective manner; and (2) prevention of future domestic and family violence." Ind. Code § 34-26-5-1; *Aiken v. Stanley*, 816 N.E.2d 427, 430 (Ind. Ct. App. 2004). Indiana Code section 34-26-5-2(a) provides "A person who is or has been a victim of domestic or family violence may file a petition for an order of protection against a: (1) family or household member who commits an act of domestic or family violence." "Domestic or family violence" means "[a]ttempting to cause, threatening to cause, or causing physical harm to another family or household member" or "[p]lacing a family or household member in fear of physical harm." Ind. Code § 34-6-2-34.5 (1), (2).
>
> Generally, a trial court has discretion to grant protective relief according to the terms of the CPOA. *See* Ind. Code § 34-26-5-9. However, a finding by the trial court that domestic or family violence has occurred sufficient to justify the issuance of an order for protection means that the respondent represents a credible threat to the safety of the petitioner. Ind. Code § 34-26-5-9(f). Therefore, upon a showing of domestic or family violence by a preponderance of the evidence, the trial court "shall grant relief necessary to bring about a cessation of the violence or the threat of violence." *Id.*

*Moore v. Moore*, 904 N.E.2d 353, 357-58 (Ind. Ct. App. 2009).

In the present case, particular attention was given to Smith's and Ryan's testimony about the incident giving rise to the filing of the petition for order of protection. The trial court indicated to the parties that Ryan's testimony was the more credible of the two. Ryan and Smith were the parents of an infant and resided together. The two began a verbal

altercation that escalated to the point that Smith waved his handgun. Viewed consistently with our standard of review, the evidence supports the trial court's decision to order the Brady disqualification. In granting the "relief necessary to bring about a cessation of the violence or the threat of violence," the trial court was within its discretion to impose the Brady disqualification where the act of domestic violence giving rise to the protective order involved the use of a handgun by the respondent. Smith argues that the order is overbroad in that Ryan did not specifically request that Smith be Brady disqualified. However, the trial court exercised its discretion based upon the evidence presented at the hearing. We find no abuse of that discretion here.

Affirmed.

BAKER, J., and BROWN, J., concur.